# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20CR320-1 |
| | : | |
| v. | : | |
| | : | |
| JOHN ANDREW RAPSKY | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, JOHN ANDREW RAPSKY, in his own person and through his attorney, Cheryl D. Andrews, and state as follows:

1. The defendant, JOHN ANDREW RAPSKY, is presently charged by Information in case number 1:20CR320-1, which charges him with a violation of Title 18, United States Code, Section 611, voting by an alien.

2. The defendant, JOHN ANDREW RAPSKY, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, JOHN ANDREW RAPSKY, understands that the maximum term of imprisonment provided by law for the Information herein is not more than one year, and the maximum fine for the Information

herein is $100,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JOHN ANDREW RAPSKY, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

b. The defendant, JOHN ANDREW RAPSKY, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment pursuant to Title 18, United States Code, Section 3583.

c. The defendant, JOHN ANDREW RAPSKY, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making

2

the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

d.  The defendant, JOHN ANDREW RAPSKY, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status.  Under federal law, the offense to which defendant is pleading guilty may be a removable offense.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant, JOHN ANDREW RAPSKY, understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant, JOHN ANDREW RAPSKY, having been apprised of possible immigration consequences resulting from his guilty plea, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences that might result from his guilty plea, even if such consequence might include automatic removal and possibly permanent exclusion from the United States or the inability in the future to obtain status as a citizen of the United States.

3

3. By voluntarily pleading guilty to the Information herein, the defendant, JOHN ANDREW RAPSKY, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JOHN ANDREW RAPSKY, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. In exchange for the defendant, JOHN ANDREW RAPSKY, (i) providing proof that he has removed his name or de-registered from the North Carolina voter rolls; (ii) surrendering his voter registration card and other documentation of registration, if any, provided to him by the board of elections; and (iii) promising not to register to vote or vote in any election held solely or in part to elect a person to federal office, unless and until he becomes a citizen of the United States, the Government agrees that the appropriate disposition in this the case of JOHN ANDREW RAPSKY is the imposition of a

4

fine in the amount of $300.00. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b.      The defendant, JOHN ANDREW RAPSKY, and the United States agree about the following sentencing guideline provisions and sentencing considerations. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

i.      The applicable offense guideline is Section 2H2.1(3) of the Sentencing Guidelines and the base offense level is 6.

ii.     The United States recommends that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the United States will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility.

c.      The defendant, JOHN ANDREW RAPSKY, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of the plea agreement.  The defendant, JOHN

5

ANDREW RAPSKY, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

d.   The defendant, JOHN ANDREW RAPSKY, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

e.   Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings.  The defendant, JOHN ANDREW RAPSKY, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings.  If the defendant, JOHN ANDREW RAPSKY, pleads guilty and later fails to comply with his obligations under paragraph 5a above or seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6.   The defendant, JOHN ANDREW RAPSKY, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties,

6

including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, JOHN ANDREW RAPSKY, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, JOHN ANDREW RAPSKY, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, JOHN ANDREW RAPSKY, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $25 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the

7

time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

[Remainder of page intentionally blank. Signature page follows.]

8

This the 13th day of October, 2020.

MATTHEW G.T. MARTIN
United States Attorney

CHERYL D. ANDREWS
Attorney for Defendant

MATTHEW G.T. MARTIN
NCSB #32814
United States Attorney
101 S. Edgeworth Street, 4th Floor
Greensboro, NC   27401
336/333-5351

JOHN ANDREW RAPSKY
Defendant

/S/ CTB

9